WHITE *v.* STATE OF INDIANA.

[No. 30,549. Filed September 18, 1967. Rehearing denied November 14, 1967.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Edwin K. Steers,* Former Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

LEWIS, J.—The appellant was convicted of the crime of inflicting physical injury while in the commission of robbery, pursuant to Burns' Indiana Statutes, Anno., § 10-4101, [1956 Repl.] which is, in part, as follows:

". . . Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

He was tried by jury and sentenced to the Indiana State Prison for life.

Appellant assigns as error the overruling of motion for new trial. Particular specifications raised in the motion for new trial are substantially as follows: (1) That the verdict was not sustained by sufficient evidence and is contrary to law; (2) That the Court erred in permitting the State to impeach its own witness and to introduce into evidence an extrajudicial statement made by such witness; (3) That the Court erred in denying appellant the right to conduct an experiment with reference to certain wearing apparel during trial.

Appellant was accompanied by a confederate and entered the premises of an Indianapolis wholesale tobacco company. He was armed with a shotgun. The tobacco company was under the management of a man and his wife, both of whom were present when appellant and his confederate entered. The man attempted to resist and was struck on the head by either appellant or his confederate. The wife was then struck on the head. Her injuries were sufficiently serious that extensive brain surgery was necessary. Appellant and his confederate did not take any of the money from the business establishment, and both fled from there immediately after the attack. The two victims positively identified the appellant as one of their assailants. Further evidence indicated at the time the appellant and his confederate entered the offices of the tobacco company, the owners were in the process of counting their cash receipts, and had a stack of bills banded and wrapped which totalled about $3,000.00. Either the appellant or his confederate announced as they entered, in substance, "This is a holdup." Here we have complete proof of the corpus delicti of the crime of physical injury inflicted while in the commission of robbery. We also have two witnesses who positively identified the appellant as one of the individuals who participated in the robbery and the assault.

". . . Under this assignment of error an appellate court will not weigh the evidence, and if there is any evidence, if believed by the jury, to prove every material element of the crime the verdict will not be disturbed on appeal." *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543. See also, *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

". . . Although on appeal we will examine the evidence to see if it sustains the verdict, we cannot weigh the evidence, and after a conviction only the evidence most favorable to the state, and all reasonable and logical inferences that may be drawn therefrom, will be considered in determining whether the jury was warranted in returning a verdict of guilty." *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677.

Under the doctrine announced in *Carlin* v. *State, supra,* and *Flowers* v. *State,* supra, there was evidence of probative value from which the jury might reasonably find a verdict of guilty and the jury was so warranted in returning such verdict in this case.

During the course of the trial, the appellant's confederate, one Robert Oscar Carter, was called to testify by the State. The prosecuting attorney propounded a question, asking Carter whether or not appellant was his partner in the crime covered by the affidavit. Carter answered that appellant was not, and said that he had previously lied when he made a signed statement given to the police. The State of Indiana then expressed to the Court its surprise by the testimony of Carter and asked for permission to proceed with Carter as a hostile witness. Appellant, by counsel, objected, but directed his objection only to the question of whether or not there was a sufficient showing of surprise on the part of the State. The Court overruled the appellant's objection, and the State elicited from Carter the fact that he had signed a statement with a version conflicting with his statement given on the stand. The statement was then offered and read in evidence without objection from appellant's counsel. Burns' Indiana

Statutes, Anno., § 2-1726, [1946 Repl.], in part, reads as follows:

"The party producing a witness shall not be allowed to impeach his credit by evidence of bad character, unless . . . in case of manifest surprise. . . ."

In a criminal prosecution where the testimony of a witness for the State is prejudicial to the prosecution on a proper showing of surprise, the State may show that the witness made statements to the contrary. *Blum* v. *State* (1925), 196 Ind. 675, 148 N.E. 193. The previous inconsistent statement made by Carter out of Court was utilized to attack his credibility and not as evidence of the guilt of the appellant. The State would not have had the right to introduce otherwise inadmissible evidence in order to prove the guilt of the appellant. *Hogan* v. *State* (1921), 191 Ind. 675, 133 N. E. 1. Here, however, we find that the statement was introduced into evidence without objection; that appellant did not request an instruction from the Court limiting the statement only to the credibility of witness Carter. In *Patton et al.* v. *State* (1960), 240 Ind. 364, 165 N. E. 2d 377, this Court enunciated the rule that if appellant does not object to the testimony of the State's witness in the Trial Court at the time such testimony was offered he may not do so on appeal as he has waived such objection. A timely and specific objection must be made in order to raise an issue of this nature on appeal. *Parker* v. *State* (1925), 196 Ind. 534, 149 N. E. 59, presents a situation where the use of the extrajudicial statement of confederate was admitted in evidence over timely objection and this Court reversed.

Appellant urges that it was error for the Trial Court not to permit the appellant to put on sunglasses and a cap to see if the victims could identify appellant while wearing such apparel. Appellant argues that since the testimony of the victims had been that appellant had worn sun-

glasses and a cap at the time of robbery, that he should be permitted to attempt to duplicate the conditions described by the witnesses. We consider that it was within the sound discretion of the Trial Court to either permit such experiment or to refuse to permit it, and this Court will not review such decision on appeal unless there is a clear abuse of discretion shown. *Green* v. *State* (1945), 223 Ind. 614, 63 N. E. 2d 292. We conclude that there was no clear abuse shown.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 652.