LEE *v.* STATE OF INDIANA.

[No. 31,092. Filed March 25, 1968.]

*Charles E. Johnson*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Robert F. Hassett*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from the judgment entered by Marion County Criminal Court, Division One thereof against the appellant, Robert Earl Lee, upon finding of his guilt of the offense of second degree burglary. The trial was to the court without the intervention of a jury.

The appellant was adjudged to be twenty-four (24) years of age and sentenced to the Indiana Reformatory for an indeterminate sentence of not less than two (2) years nor more than five (5) years.

In the appellant's assignment of error he contends that there is not sufficient evidence to sustain his conviction by the trial court and therefore the finding and judgment of the court are contrary to law.

On the issue thus presented to this Court we may look only to the evidence most favorable to the appellee State together with all reasonable inferences to be adduced therefrom to determine if the essential elements of the crime charged have been established beyond a reasonable doubt. *Passwater* v. *State* (1967), 248 Ind. 454, 229 N. E. 2d 718; *Cockerham* v. *State* (1965), 246 Ind. 303, 204 N. E. 2d 654.

It is well established law in Indiana that if there is sufficient evidence of probative value of each of the essential elements of crime charged the conviction will be sustained. *White* v. *State* (1967), 249 Ind. 105, 229 N. E. 2d 652; *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212.

Upon the issues presented in this case, the burden of proof rested upon the State to prove each of the following material elements:

(1) a breaking,
(2) an entering,
(3) of a building or structure other than a dwelling-house or place of human habitation,
(4) coupled with intent to commit felony in such building or structure.

Appellee submits that in regard to all of these elements, there is sufficient evidence.

Thus, upon the questions presented by this appeal, the two (2) sections of the Criminal Code involved are as follows:

(1)   Second degree burglary is defined by Ind. Anno. Stat. § 10-701(b)  (1956) as follows:

"Whoever breaks and enters into any . . . building or structure other than a dwelling-house or place of human habitation, with the intent to commit felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two (2) years nor more than five (5) years . . ."

(2)   The intent to commit the felony as charged is defined by the Offenses Against Property Act (hereinafter referred to as the Theft Code) in Ind. Anno. Stat. §§ 10-3030(1a)  and 10-3030(2a)  (Supp. 1967) as follows:

"A person commits theft when he (1) knowingly:
(a)   obtains or exerts unauthorized control over property of the owner; and . . .
(2)   (a) intends to deprive the owner permanently of the use or benefit of the property; . . ."

The evidence most favorable to the State is summarized as follows:

On the date in question, Hardy Stoner, owner of the Ethical Prescription Laboratory located in the Walker Building, Indianapolis, closed his business for the day at 7:30 P.M. and locked the one entrance to the building.

Police officer Harry Dunn arrived at the scene at 11:00 P.M. and looked in the window and saw the appellant behind the counter where the cash register was. Appellant was looking in the cash register drawers. The officer identified State's Exhibit No. 2 which shows the rear of the counter and the cash register drawers on the floor. Officer Dunn ordered appellant to stand still and then Dunn came around to the front door. He observed that the glass had been knocked out of the door. He tried to open it but it was locked. Dunn then started to enter through the door when appellant rushed out from behind the counter. Dunn identified State's Exhibit No. 1 which shows the counter which appellant was behind. Appel-

lant and Dunn fought for sometime. Another officer came and assisted Dunn in subduing the appellant. Dunn arrested appellant, searched him and took five dollars and fifty eight cents ($5.58) in change from appellant's right pants pocket, and thirty-three (33) Dun cigars from his left topcoat pocket. Dunn asked appellant why he had broken into the place and appellant stated twice that he didn't know.

Officer Thomas Carr testified that when he arrived at the scene about 11:30 P.M. he found the front door broken out, cash register drawers broken out, part of them on the floor, broken glass on the floor.

Hardy Stoner testified that five dollars and fifty eight cents ($5.58) had been taken from the cash registers. He had returned to the store about 11:30 P.M. that night and noted that one cash register had been broken into and was on the floor, turned over, and that both registers had been tampered with.

The appellant's case consisted of one witness: himself. He testified that he was on the opposite side of the street from the Walker Building, and when an officer asked him if he knew anything about a window that had been broken, he denied any knowledge of it. He denied breaking in and also denied having cigars or money on his person.

All three witnesses for the State indentified the appellant at the trial as the man they had seen in the laboratory that night.

It is readily apparent upon a review of the above summary of the evidence that the elements of the breaking and entering have been established by ample evidence of probative value and warranted the trial court in finding against the defendant on the essential elements (1), (2), and (3) as set forth above. *Passwater* v. *State, supra; Cockerham* v. *State, supra; Barrick* v. *State* (1954), 233 Ind. 333, 119 N. E. 2d 550; *Link* v. *State* (1953), 232 Ind. 466, 113 N. E. 2d 43.

The appellant also contends that there is not sufficient evidence to establish his intent to commit a felony therein and that there was no showing that the appellant exerted any control over the property of the owner.

We agree with the position of the appellee State of Indiana that there is substantial evidence of probative value to prove the essential element of intent to commit a felony. *Passwater* v. *State, supra.*

The evidence demonstrates beyond a reasonable doubt that the appellant did steal the sum of $5.58 and cigars and that such proof is sufficient to establish the intent as charged in the affidavit. The penalty section of the Theft Code is found in Ind. Anno. Stat. § 10-3039 (Supp. 1967) and states as follows:

"A person convicted of theft of property not from the person and of less than one hundred dollars ($100) in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars ($500) or imprisoned for not more than one (1) year, or both, or such person may be imprisoned in the state prison not less than one (1) year nor more than five (5) years, and fined in a sum not exceeding five hundred dollars ($500) and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period."

The statute defining felonies and misdemeanors is Ind. Anno. Stat. § 9-101 (1956) and provides as follows:

"All crimes and public offenses which may be punished with death or imprisonment in the state prison shall be denominated felonies; all (and) all other offenses against the criminal law shall be denominated misdemeanors."

We therefore hold that the State has met its burden of proof in establishing the essential element of intent to commit the felony by substantial evidence of probative value.

Therefore we hold that § 10-3039, *supra,* and § 9-101, *supra,* construed together are sufficient to define the felony offense

and the evidence sustains the finding and judgment of the trial court.

Finding no reversible error in the record of the case before us the judgment should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson, and Mote, J. concur.

NOTE.—Reported in 235 N. E. 2d 67.