LORENZO STONE *v.* STATE OF INDIANA.

[No. 377S162. Filed July 17, 1978.]

*James F. Stanton,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

DEBRULER, J.—Lorenzo Stone was convicted after trial by jury of first degree premeditated murder and first degree murder in the commission of a robbery (felony murder), Ind. Code § 35-13-4-1(a) repealed effective October 1, 1977, and sentenced to life imprisonment for the felony murder.

Appellant Stone contends on appeal that the trial court erred in admitting several items of evidence including: (1) his own confession, (2) the record of the guilty plea proceed-

ing of the State's witness James, (3) the confession of the co-defendant Williams.

The evidentiary facts are simple and indicate that on the night of February 25, 1976, appellant, together with four other men, James, Barber, Rogers and Williams went to Mona's Lounge in Gary, Indiana at 10:00 p.m. At least two of the group were armed with handguns. Four of the men went in and one of them announced that it was a stickup and ordered the customers present to get on the floor. A customer David Clay was armed and drew his weapon in self-defense. A fire fight ensued during which Clay was shot and killed and one of the gunmen wounded. The men then fled.

The five men were jointly indicted. James entered a plea agreement and became a witness for the State. Appellant, together with Barber, Rogers and Williams were tried jointly and convicted. At their trial appellant's confession and the confession of Williams were admitted in redacted form. The record of the James' guilty plea proceeding was admitted in evidence when he refused on the stand at the trial to give evidence against appellant and the others being tried. The conviction of the co-defendant Rogers was recently affirmed by this Court in an opinion by Pivarnik, J., appearing at 268 Ind. 370, 375 N.E.2d 1089. (DeBruler, J., concurring in result, Prentice, J., dissenting) Rogers raised issues similar to the ones raised and considered here.

## I.

In the mistaken belief that appellant was nineteen years old and therefore not entitled to the special additional safeguards of parental or familial presence and advisement, and an opportunity to consult with such friendly and familiar person or with an attorney, required by *Lewis* v. *State*, (1972) 259 Ind. 431, 288 N.E.2d 138, as a condition of a valid juvenile waiver of constitutional rights, the police complied only with the requirements for adult waiver and took appellant's confession. *Miranda* v. *Arizona*, (1966) 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694. Appellant's motion to suppress the confession was based upon non-compliance with *Lewis*; the motion was overruled; and that ruling is assigned as error here.

In making the erroneous threshhold determination of age, the interrogating officers relied upon appellant's own statements, twice made in the preliminary stage of the interrogation, that he was born on September 13, 1956, and was nineteen years old; and upon the police records of four past arrests of appellant which also showed that appellant was nineteen years old. We conclude that the trial court did not commit error in overruling appellant's motion.

In reaching our conclusion on this issue, we expressly disclaim reliance upon a supposed waiver by appellant of his right to be treated with the special deference required by *Lewis*, nor do we intend to retreat from or diminish the holding of that case. We expressly reaffirm the holding in *Lewis* and in so doing note that several states have recently joined the increasing number of states which have adopted similar protective procedures governing police interrogation of juvenile suspects. *In Re Dino*, 359 So.2d 586 (La. 1978); *Commonwealth* v. *Roane*, (1974) 459 Pa. 389, 329 A.2d 286; *Freeman* v. *Wilcox*, (1969) 119 Ga. App. 325, 167 S.E.2d 163. Our holding today is limited in application to the threshhold determination of age and is that where the police do not flaunt the rule of *Lewis* or seek to circumvent its requirements, but make good faith and diligent effort to implement it in making the determination of the age of the suspect, and are frustrated in such effort by the misstatement of the suspect as to age, then and in that event, as a matter of state law, the requirements of *Lewis* will be deemed satisfied. Appellant's confession was properly admitted.

## II.

Previous to the joint trial of appellant, Barber, Rogers and Williams, co-defendant James entered into a plea agreement

which was recommended to the trial judge and accepted. Pursuant to its terms he agreed to testify for the State against appellant and the others and in exchange entered his plea to second degree murder and received a sentence of fifteen to twenty-five years. Upon taking the witness stand at such trial he testified without objection that he had entered a plea of guilty but he denied being at Mona's Lounge on the day of the crime and denied having any knowledge of the participation of appellant and the others in the crime. He admitted making statements at the time of his plea implicating appellant and the others but denied the truth of those statements, claiming he had made them out of fear for his safety while in jail, but nevertheless asserted that he did not wish to withdraw his plea of guilty. On the basis of surprise claimed by the prosecution, the witness was declared hostile. On cross-examination by the prosecution, among other lapses of memory concerning the details of prior statements, he said that he did not remember having told the court during the plea proceeding the facts making him guilty of second degree murder. In response the State, over the hearsay objection of this appellant, was permitted to read the record of James' guilty plea proceeding, with the exception of police reports which the trial court excluded on its own motion, before the jury as part of a question in which James was asked to affirm its accuracy. Appellant contends that the trial court erred in overruling this objection.

The assertions made by James reflected in the transcript included his responses to the court's advisement of constitutional and trial rights and the nature of the charge, his responses recognizing his understanding of the terms of the plea agreement, and his factual description of the events of the crime, including the participation of appellant and the others therein. He also stated that he had given a prior statement to the police that he had not gone into the lounge or had a gun on the occasion of the crime and that he had lied in giving that version, and also stated that he had made a

statement to a probation officer, although its contents were not included in the question.

In *White* v. *State,* (1967) 249 Ind. 105, 229 N.E.2d 652, this Court stated:

> "In a criminal prosecution where the testimony of a witness for the State is prejudicial to the prosecution on a proper showing of surprise, the State may show that the witness made statements to the contrary." 249 Ind. at 109, 229 N.E.2d at 654.

At the time that case was written, it was contemplated that such prior statements were admissible as impeaching evidence and not evidence of guilt and upon request by the opponent of such evidence the jury was to be instructed accordingly. We find no cases dealing with the use of prior statements given by a witness in his own guilty plea proceeding for impeachment, and appellant does not take the position or cite authorities that such statement should be treated differently than other statements when offered for such purpose.

The limitation upon the use of prior inconsistent statements to impeachment was based upon hearsay considerations. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. In *Wells* v. *State,* (1970) 254 Ind. 608, 261 N.E.2d 865, this Court defined hearsay:

> " 'Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter.' (McCormick, Evidence § 255)
>
> * * *
>
> The principal reasons for the exclusion of hearsay evidence are that the out-of-court declarant was not under oath, not subject to confrontation by the trier-of-fact, and most importantly, not subject to cross-examination by the

accused." [Citations omitted.] 254 Ind. at 614, 261 N.E.2d at 869.

Thereafter in *Patterson* v. *State*, (1975) 263 Ind. 55, 324 N.E. 2d 482, this Court took a new direction and concluded that the party opposing the use of a prior inconsistent statement for impeachment purposes was no longer entitled to an instruction limiting its use to impeachment, and that such a statement when admitted is entitled to substantive evidence status since the person making it is in court and subject to cross-examination and in spite of the fact that such statement was not made under oath. In *Torrence* v. *State*, (1975) 263 Ind. 202, 328 N.E.2d 214, we added that where a witness admitted making the prior statement but repudiated it, such stance by the witness did not effect its use as substantive evidence.

In the case before us, the use of the statements made by James is justified for the purpose of impeaching James. James was in court, on the witness stand and under oath. The State brought forth the text of his statements only after he testified in a manner inconsistent with them, and therefore they were admissible in evidence under the *Patterson* rule as originally conceived. They were not therefore inadmissible as hearsay nor did their admission deny appellant the right of confrontation.

Most recently in *Samuels* v. *State*, (1978) 267 Ind. 676, 372 N.E.2d 1186, this Court condemned unjustifiable extensions of the *Patterson* rule and warned that the use of prior statements of a trial witness by the proponent of the witness in lieu of available and direct testimony of such witness will no longer be sanctioned. There the Court said:

> "It appears that the rule drawn from Patterson, may well be in need of reconsideration. To the extent that it has on occasions, been used to support the admission of out-of-court statements as a mere substitute for available in-court testimony, it has been misapplied." 372 N.E.2d at 1187.

Here, the prosecution was faced with a "turncoat witness"

and the potential loss of major evidence of guilt, and therefore there was no misapplication of such rule in this case.

The assertions made by the judge in the proceedings include his questions and statements about appellant's rights, the terms of the plea agreement, the acceptance of the plea, the assessment of sentence and the admonition to James regarding his future conduct while in prison. At one point the judge instructed the prosecutor to omit reference to police reports in the transcript and at another responded to a request by appellant that he not be put in the same institution with his co-defendants. The response was that such request was premature, and immediately upon objection by defense counsel, the court struck his own response and instructed the jury to disregard it. The assertions of defense counsel and the prosecuting attorney in the plea proceeding related for the most part to the legal requirements for that proceeding and to assisting the court in dealing with legal matters. We find that these statements of the court and counsel were not offered to show the truth of the matter asserted in them. The statements do not therefore fall within the definition of hearsay. *Wells* v. *State, supra.* See also *Rogers* v. *State, supra,* at 268 Ind. 370, 375 N.E.2d 1092.

## III.

Appellant contends that the admission of the edited confession of his co-defendant Williams at their joint trial below violated the rule of *Bruton* v. *United States,* (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and denied him his Sixth Amendment right to confront witnesses against him in that the redaction of such confession by deleting his name was ineffective. Williams did not testify at the trial. In *Rogers* v. *State, supra,* the appeal by co-defendant Rogers, three judges of this Court held that the redaction of Williams' confession had been sufficient to delete reference to Rogers. Unlike Rogers, appellant Stone confessed to his participation in the robbery and the admission of such confession has been upheld

in Part I of this opinion. Hence, the evidence against appellant was even stronger than the evidence against Rogers. In addition to appellant's confession, the State produced direct statements of co-defendant James that appellant had participated in the robbery as well as testimony of a witness from the lounge which identified appellant as one of the robbers.

Comparison of the confessions of appellant and Williams reveals that there is no significant material difference in them. Both fully described the robbery from the entry of the group into the lounge to the point when it existed. Although the names of the other participants except James were omitted from both, both revealed that there were at least four in the band. Appellant admitted having a gun and firing it but did not know who shot Mr. Clay. Williams also admitted being armed but did not believe he had fired it and likewise did not profess to know who shot Mr. Clay. If constitutional error were committed when the redacted statement of Williams was admitted because it permitted a logical inference to be made by the jury that it referred to appellant as one of the perpetrators of the crime contrary to the *Bruton* rule, such error in light of the admission of appellant's own complete confession, was harmless beyond a reasonable doubt. *Carter* v. *State*, (1977) 266 Ind. 140, 361 N.E.2d 145.

The conviction of appellant is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1372.