**William H. FLETCHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 981S266.**

Supreme Court of Indiana.

Dec. 13, 1982.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant-defendant, William Fletcher, was charged with murder while committing robbery pursuant to Ind.Code § 35–42–1–1(2) and murder pursuant to Ind.Code § 35–42–1–1. He received two concurrent sentences of forty years each. On appeal he contends that the evidence was insufficient to convict, and that he was denied the presumption of innocence throughout the trial.

Appellant was convicted of murder and felony-murder under Ind.Code § 35–42–1–1 which provides in pertinent part:

"A person who:

(1) knowingly or intentionally kills another human being; or

(2) kills another human being while committing or attempting to commit . . . robbery:

commits murder, a felony."

Appellant contends that the evidence serving to prove that he knowingly killed George Williams as charged in the first count, and serving to prove that he shot and killed George Williams at a time when he had an intent to rob as charged in the second count was wholly insufficient. In determining these questions we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 537, 255 N.E.2d 657.

The gravaman of this case is that appellant Fletcher, co-defendant Madry, and one Ester Brown drove together to the victim's apartment. Appellant was at the wheel and it was he who selected this destination. Appellant and Madry went into the apartment, robbed and shot and killed the victim, while Brown remained outside in the car. Madry and Brown testified at trial on behalf of the prosecution. During their testimony prior out-of-court statements of each were presented. It is appellant's claim on appeal that these prior incriminatory statements of the two cannot be considered as substantive evidence, and that when such statements are excluded from consideration,

the residual evidence is insufficient to warrant conviction.

On July 6, 1979, the body of George Williams was discovered in his apartment, by his son. The elder Williams had died of bleeding from four gunshot wounds to the upper part of the body. He was known to keep a snub-nose .38 caliber revolver on or about his person, and that gun was not found in the apartment.

Five spent bullets were removed from the body during autopsy. Four of these were .38 caliber and one was .22 caliber. The .22 caliber bullet had entered the back of the body a little below the crest of the shoulder and traveled downward into the chest, coming to rest on the backside of the heart. Three .38 caliber bullets entered from the front, two entering at or below the rib cage and ripping in an upward direction through vital organs and arteries. One slug was found resting between the skin and the shirt along the spine. From the track of these bullets, a State's witness gave his opinion that the decedent was lying down or situated very low in relation to the assailants.

The witness, Ester Brown, gave direct verbal testimony from the stand that on July 6, 1979, she was riding in a car with appellant Fletcher and co-defendant Madry. Appellant was driving and had a revolver under his seat. It was long. He said he would not be stopped from getting some money. They were looking for a place to buy marijuana. The victim, Williams, was known to appellant and appellant selected the Williams apartment as a destination. Appellant parked the car near the apartment. Madry said he was going to take a gun in with him. Appellant and Madry went into the apartment and Brown stayed in the car. Brown did not see either man have a gun on his person at the time. After they entered the apartment, Brown heard four or five shots. Appellant and Madry emerged from the apartment. Appellant had been shot. Madry held a paper bag containing money, marijuana and two pistols. Madry said that he hoped he had not hurt the old man. Appellant Fletcher told Brown to take the two pistols to his sister's house which she did.

The two pistols given the witness Brown were recovered. One was a .22 caliber automatic. The .22 caliber bullet taken from the body of the victim was fired from this gun. The .38 caliber bullets taken from the body of the victim had not been fired from the other pistol. The recovered pistol was identified as having a snub-nose and being the one which belonged to the victim. No other .38 pistol was recovered.

The witness Madry gave direct verbal testimony from the stand that he entered the Williams apartment with appellant on July 6, 1979, and at the time carried his .22 automatic. An argument erupted over the price of marijuana. The victim fired first and his fire was returned by both appellant and Madry. Madry then went to the wounded Williams, and took his .38 caliber gun. Appellant and Madry then left the apartment.

Statements made to police by Madry were inconsistent with his in-trial version. At trial he admitted making the statements, but said that they were false. In them he confessed that he, appellant, and Ester Brown were looking for a place to rob. They went to the Williams apartment. The door was opened slightly by Williams. Appellant and Madry barged in, guns drawn, pushing the victim down the stairs. When the victim started to move away, Madry fired a shot at him and the victim fired back, striking appellant Fletcher. Appellant Fletcher became enraged and ran over to the victim and fired several shots into him as he lay on the floor. Madry picked up the victim's gun, and took it with him. Appellant's gun was later thrown into a weeded area.

■ Here appellate counsel contends that the inconsistent out-of-court statements of Madry are not entitled to credit as substantive evidence because (1) they were offered for impeachment only; (2) they stand as the sole support for the existence of entire elements of the offenses; and (3) because Madry denied that they were the truth. The record shows that the prosecutor was utiliz-

ing the prior statements of Madry for the purpose of impeachment. In *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482, this Court held that testimony retelling an out-of-court statement is admissible as proof of the matters in it, if the declarant is in court and subject to cross-examination. Such statements include those which are offered as prior inconsistent statements of the witness for the primary purpose of impeachment so long as no admonition or instruction is given to the jury limiting the use of such statements to the impeachment purpose. *Webster v. State,* (1980) Ind., 413 N.E.2d 898. Here Madry was in court and subject to cross-examination and the record reveals no restricting admonition or instruction. Appellant's first contention regarding the statements cannot be sustained.

With regard to appellant's second contention, there is no need to respond to his charge that a Patterson statement, standing alone, is insufficient on appeal to support the requirement of proof. Regardless of the viability of any such principle, the challenged statement does not stand alone, but is corroborated in most critical aspects by the direct testimony of Brown and the inferences to be drawn from the physical facts admitted. Appellant's second contention cannot be sustained.

■ In *Stone v. State,* (1978) 268 Ind. 672, 377 N.E.2d 1372, the Court held that prior inconsistent statements offered for impeachment are entitled to substantive consideration even though they may be repudiated by their makers on the stand, or even though their makers become hostile to the interests of the party who has called them to the stand. This holding precludes adoption of appellant's third contention. The out-of-court statement of the witness Madry may therefore be considered on appeal as within that body of evidence supporting the verdict of the jury. It, together with the direct in-court testimony of Brown, and the facts as recited above from the record was sufficient to support the conclusion of the trier of fact that, beyond a reasonable doubt, appellant had the two necessary states of mind required by the

felony murder and murder charges. We find it therefore unnecessary to decide appellant's further contentions that the out-of-court statements of the witness Brown should not be considered substantive evidence for the purpose of resolving the insufficiency claim presented.

■ Appellant finally contends that the manner in which the jury resolved the conflicts of evidence against him demonstrates that he was denied the presumption of innocence throughout the trial. The verdict was supported by the evidence, and the jury was instructed upon reasonable doubt and the presumption of innocence to which the accused in a criminal prosecution is entitled. The claim is therefore not sustainable. *Oates v. State,* (1982) Ind., 429 N.E.2d 949.

■ The record of proceeding reflects that there was but one person who died in the course of the felonious assault at the Balsam Street address. Under these circumstances the trial court could not impose sentence upon two counts of murder. *Franks v. State,* (1975) 262 Ind. 649, 323 N.E.2d 221. We, therefore, remand this case to the trial court with instructions to vacate the sentence upon Count I, murder, Ind.Code § 35–42–1–1(1), and permit the sentence upon Count II, felony-murder, Ind. Code § 35–42–1–1(2) to stand.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.