In the Matter of B.M.P., Appellant (Juvenile Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1–482A83.

Court of Appeals of Indiana, First District.

March 8, 1983.

Rehearing Denied April 21, 1983.

Susan K. Carpenter, Public Defender, Frances L. Watson, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-juvenile appellant B.M.P. appeals a finding of delinquency by the Greene Circuit Court, Juvenile Division, for the commission of the offenses of robbery and theft.

We reverse.

## ISSUES

B.M.P. presents three issues which we restate:

   I.  Misapplication of the *Patterson* rule;

  II.  Denial of compulsory process; and

 III.  Newly discovered evidence.

Since we reverse we will only address Issue I.

## DISCUSSION AND DECISION

*Issue I.   Patterson rule*

At the time of the trial, Stalcup was serving a four year sentence in the Westville Correctional Facility from an unappealed conviction. During the examination of officer Brown, Stalcup's statement was offered into evidence before he was called as a witness. Attorney for B.M.P. responded,

> "I would have no objection your honor if we will have Mr. Stalcup here to testify later on."

The prosecuting attorney then stated:

> "Mr. Stalcup has been subpoened to testify later on."

Thereupon attorney for B.M.P. stated that "I have no objection" and the statement was admitted. Later in the trial Stalcup was produced by the State and after testifying to some general matters, he refused to testify about the robbery at all. He stated that his reason for refusing was that he did not get any break after cooperating with the police and prosecuting attorney. He complained that "stuff" was not brought out. He concluded that "I just want to do my time and forget." He did not claim any fifth amendment right, nor did he admit to the statement or claim that the statement was not true. The trial judge ordered Stalcup to testify, and found him guilty of contempt when he did not. He was sentenced to three additional months, and ordered returned to Westville. At no time during the rather lengthy proceeding occasioned by Stalcup's refusal to testify did defense counsel make any effort or offer to cross-examine him. Counsel even made the following supportive statement while the court was urging Stalcup to testify:

> "Your honor, he did say that he felt that he was under threat at least in his respect."

Later, in his case-in-chief B.M.P., through counsel, made his motion to strike the statement which was denied.

If the admission of the statement is sustainable, it is under the doctrine enun-

ciated by our Supreme Court in *Patterson v. State,* (1976) 263 Ind. 55, 324 N.E.2d 482, and cases decided thereafter. There, the court held that the prior statement of a witness is admissible not only for impeachment purposes but also as substantive evidence to prove the truth of the facts asserted, provided that the out-of-court asserter is present for cross-examination. Further, where a witness admits making the statement but repudiates it, such stance by a witness does not affect its use as substantive evidence and the statement is admissible as such. *Stone v. State,* (1978) 268 Ind. 672, 377 N.E.2d 1372. The primary interest protected by the confrontation clause of the sixth amendment is the right to cross-examination. *Douglas v. Alabama,* (1965) 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. Here, B.M.P. places great reliance upon *Douglas.* He claims that because the witness refused to testify at all, effective cross-examination was not available and his confrontation right under the sixth amendment was denied.

In a recent case, *Rapier v. State,* (1982) Ind., 435 N.E.2d 31, our Supreme Court interpreted *Douglas* and *California v. Green,* (1970) 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 and disposed of this argument adverse to B.M.P. In *Rapier,* the witness Brown, who was neither an accomplice nor in any way connected with the robbery, gave a statement to officers that Rapier admitted to him the commission of the offense. At trial, Brown refused to testify on fifth amendment grounds upon advice of counsel. Brown then was advised that he had no viable fifth amendment grounds, and was even given immunity. Nevertheless, Brown, without denying that he made the statement, persisted in his refusal to testify on fifth amendment grounds. While admitting the statement he stated that he was coerced into making the statement and that it consisted of lies. Thereupon the statement was admitted into evidence through one of the witnessing officers. The Supreme Court, in affirming the action of the trial court, engaged in an analysis of *Douglas* and *Green.*

In *Douglas* the witness was an accomplice who had been convicted but was planning an appeal. He refused to testify on fifth amendment grounds upon the advice of counsel because of the appeal. The United States Supreme Court held, seemingly because the witness could not be cross-examined on the statement imputed to him, no effective cross-examination could be made, and the confrontation right was denied. Once a witness has been convicted of the transaction he can no longer claim the privilege against self-incrimination, *Reina v. United States,* (1960) 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249; *United States v. Hoffman* (7th Cir.1967) 385 F.2d 501; *Millington v. State,* (1972) 154 Ind.App. 42, 289 N.E.2d 161; however, the rule does not apply where the case is still being contested as on appeal. *Prentice v. Hsu,* (S.D.N.Y. 1968) 280 F.Supp. 384; *Kohler v. Meade,* (1972) Ky.App., 479 S.W.2d 885; 98 C.J.S. *Witnesses* § 437(a) 1957.

In *Green, supra,* a witness who testified in the preliminary hearing and was subject to cross-examination by defense counsel, became evasive and uncooperative at the trial, claiming that he could not remember. The Court held that when the state produced the witness at the trial, swore him as a witness and tendered him for cross-examination, the preliminary hearing testimony was admissible. The court observed that whether the witness then testified in a manner consistent with the preliminary hearing testimony, claimed his privilege against self-incrimination, or simply refused to answer, nothing in the confrontation clause prohibited the state from relying on the prior testimony to prove its case. A distinction may remain in the *Green* opinion between a pretrial statement and pretrial testimony which was subject to cross-examination. The Supreme Court seemed to say that the pretrial testimony would be admissible whether a viable fifth amendment right existed or not, because the witness had already been subject to cross-examination. However, it left open, presumedly based on *Douglas,* the admissibility of a pretrial statement if the witness

had a viable fifth amendment right not to testify, because then cross-examination would be precluded, and confrontation would be denied. In the latter instance the statement may not be admissible.

The *Rapier* court distinguished *Douglas* apparently because the witness in *Douglas* had a viable fifth amendment right and Brown did not. In *Rapier,* the court interpreted *Green* as holding that the confrontation clause was not violated by admitting a declarant's pretrial statement so long as the declarant was produced as a witness, whether he testified or not, was subject to cross-examination, and had no viable fifth amendment privilege.

However, in an even later case, *Lewis v. State,* (1982) Ind., 440 N.E.2d 1125, the Indiana Supreme Court through Chief Justice Givan said,

"Appellant is not correct in identifying the problem we ourselves have seen with regard to the *Patterson* rule. As can be seen by reading the cases he cites, including Justice DeBruler's dissent in *Flewallen* [*v. State,* (1977) 267 Ind. 90, 368 N.E.2d 239], *supra,* the key question in determining whether or not an abuse of the *Patterson* rule has occurred is whether the State has submitted evidence as to the relevant factual events in the case by directly examining (and thereby making him available for cross-examination) the witness-declarant about those facts. What we will not permit is for the State to put in substantive evidence of the witness-declarant's version of the facts solely through the admission of the witness' prior statement under the pretext of the *Patterson* rule. At some point the State must put the declarant of the prior statement on the witness stand and elicit direct testimony as to the facts at issue."

440 N.E.2d at 1130.

*Lewis* appears to be a retreat from the position stated in *Rapier.* Insomuch as the state had not "submitted evidence as to the relevant factual events in the case by directly examining . . . the witness-declarant [Stalcup] about those facts" an improper application of the *Patterson* rule has oc-

curred. In view of *Douglas* and *Lewis* we are constrained to reverse.

Reversed.

ROBERTSON and YOUNG (participating by designation), P.JJ., concur.