WILLIAM TORRENCE *v.* STATE OF INDIANA.

[No. 674S126. Filed May 23, 1975. Rehearing denied August 18, 1975.]

*James H. Voyles,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

DeBruler, J.—Appellant-petitioner, William Torrence, was charged with first degree murder. In a trial by jury, before Special Judge Forrest Bowman, Torrence was convicted of second degree murder. He appealed to this Court, and we affirmed his conviction. *Torrence* v. *State,* (1971) 255 Ind. 618, 266 N.E.2d 1.

On December 8, 1972, Torrence filed a petition for post-conviction relief pursuant to Ind. R. P.C. 1. The basis for his petition was an affidavit by Stephen Gatchett, one of the major witnesses against him, in which Gatchett stated that he had lied at Torrence's trial because he believed the prosecutor would dismiss a charge against him if he testified against appellant. In the affidavit, Gatchett stated he never saw appellant with a gun, never saw him aim a weapon or shoot the victim, never saw appellant open the trunk of his automobile or take any article from it, believed that appellant was trying to avoid a collision with the people in the other car but that they kept trying to run appellant down and knew appellant was afraid and in fear of losing his life. Finally, the affiant stated that he knew that the prosecutor needed

his testimony to show premeditation and that he had testified that appellant took aim and had a gun in his hand because another witness, Mrs. Allen, had told him so. Thus, he stated, his testimony was in part hearsay. He stated also that his testimony was rehearsed.

In appellant's petition for post-conviction relief, he set out as a ground for the consideration of his petition the language in Ind. R. P.C. 1, § 1(a)(4):

> "That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."

The court held a hearing on appellant's petition on May 10, 1973. At that hearing, the court considered first appellant's motion to strike the State's answer to his petition. Appellant had filed his petition on December 8, 1972. At the bottom of the first page of that petition, the Special Judge made an entry which concluded, "State ruled to plead thereto on or about 12-18-72." The State filed its answer on December 22, 1972. Appellant moved to strike the State's answer because it was filed four days after December 18th. At the hearing, the Special Judge found that the State could not be required to file in less than the thirty-day period provided by Ind. R. P.C. 1, § 4(a). That section reads:

> "Within thirty days after the filing of the petition, or within any further reasonable time the court may fix, the state, by the prosecuting attorney, shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted. The court may make appropriate orders for amendment of the petition or answer, for filing further pleadings or motions, or for extending the time of the filing of any pleading."

On appeal, appellant alleges that the court erred in overruling his motion to strike. We affirm the court's action based on the clear language of Ind. R. P.C. 1, § 4. The State must have the full thirty-day period to reply.

After this ruling, appellant called Stephen Gatchett as his first witness. Gatchett testified that he wanted to make a statement before he answered questions about his trial testimony. At that point, the court determined that one of the public defenders ought to be present to represent the affiant. The court appointed a lawyer and recessed the hearing until June 20th, in order to give Gatchett time to consult with the public defender. When the hearing was reconvened on June 20th, Gatchett refused to testify about the shooting on the grounds that his testimony might incriminate him. He stated that he wanted the testimony that he had given at the trial in 1969 to stand. He testified that the affidavit was not true and that his original trial testimony was true. The remainder of the testimony presented at that hearing concerned the circumstances leading to his signing of the affidavit. In essence, Gatchett testified that he had never been to prison before, so that when he was sent to the Indiana State Prison at Michigan City he was afraid that his fellow prisoners would harm him since he had testified against Torrence, who was also confined in the Indiana State Prison. Gatchett also testified that he was not afraid of perjuring himself in his affidavit, because the notary never made him swear to the truth of the affidavit. Herbert Patton, who had drawn up Gatchett's affidavit, and Torrence both testified that Gatchett had not been threatened and that Gatchet had volunteered to help Torrence.

The court admitted the affidavit for the limited purpose of impeaching the witness, Gatchett. The State had argued that the affidavit was not admissible as substantive evidence because the affiant had repudiated its contents in court. Our recent case, *Paterson* v. *State*, (1975) 263 Ind. 55, 324 N.E.2d 482, would permit the admission of that sworn affidavit as substantive evidence over the State's hearsay objection.

On February 21, 1974, the court presented its Findings of Fact and Conclusions of Law. In part, it reads:

"The Court finds that at the time that the petition for Post Conviction Relief was filed by petitioner there did exist evidence of material facts, not previously presented, to-wit: the affidavit of Stephen Gatchett which repudiated material parts of his trial testimony, but that the petitioner failed to show that said evidence was sufficient to require the granting of a new trial, because the affidavit was repudiated by the witness at the hearing on the petition."

The court further determined that petitioner had failed to prove by a preponderance of the evidence that there was newly discovered evidence requiring a new trial and also failed to show by a preponderance of the evidence that his conviction was obtained in violation of the Constitutions of the United States and of Indiana. Consequently, the court denied his petition for post-conviction relief.

On appeal, appellant argues that the affidavit was evidence of material fact not previously presented that would require a vacation of the conviction in the interests of justice. Ind. R. P.C. 1, § 1 (a) (4). The legal test to be applied by the court when confronted with this claim is the same as that to be applied when the newly discovered evidence issue is raised in a motion to correct errors. The petitioner must establish "(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result." *Emerson* v. *State,* (1972) 259 Ind. 399, 287 N.E.2d 867, 871-2. In making the finding required by (9) above, most relevant here, the trial court should consider the weight which a reasonable trier of fact would give the proffered evidence and the probable impact of it in light of all the facts and circumstances shown at the original trial of the case. *Emerson* v. *State, supra; Wilhoite* v. *State,* (1971) 255 Ind. 599, 266 N.E.2d 23. In

addition, Ind. R. P.C. 1, § 5, places on petitioner the burden of establishing his grounds for relief by a preponderance of the evidence.

Specifically, petitioner argues on appeal that the affidavit showed that Gatchett had lied at the trial. In support of that affidavit, appellant notes that Patton testified at the hearing on appellant's petition that Gatchett was never threatened or intimidated. We understand the first finding of the court to be that the information in the affidavit does not present a strong likelihood that a new trial would reach a different result whether that affidavit was introduced as impeaching or as substantive evidence at a new trial. The second finding of the trial court indicated that it did not credit the evidence presented in the affidavit, once it had had an opportunity to hear the testimony of the affiant, the person who composed the affidavit, and appellant.

Upon review, we determine that the trial court was correct in its finding that the evidence in the repudiated affidavit was not sufficient to present a strong likelihood that a new trial with such evidence would reach a different result. We do not believe that the trial court, upon considering the impact of the introduction of this evidence upon a new trial, should have been lead clearly and unerringly to the opposite conclusion. At a new trial, Gatchett on the witness stand would give the same testimony concerning the shooting which he gave at the first trial and the same testimony concerning his fears in prison which he gave at the hearing, and whether the affidavit were introduced for impeachment or as substantive evidence, it would have little weight. The State's brief included excerpts from the testimony of two witnesses who stated that they saw appellant raise the gun, aim and shoot the victim. The State's brief also included appellant's testimony, in which he admitted that he shot the victim, when the victim seemed to rise and turn from his car toward him. Further, from the evidence included in the statement of facts in the first opinion by

this Court and not contradicted in the affidavit, it is apparent that at the time of the shooting appellant was no longer being pursued, but was the pursuer. Only minutes before the shooting and apparently without provocation, appellant had struck the victim's mother in the mouth fracturing both her jaws. From this evidence, without crediting Gatchett's testimony, a new jury could find the malice and purpose which is an element of the crime of second degree murder. Ind. Code § 35-1-54-1, being Burns § 10-3404. With reference to the court's second finding, we cannot determine the credibility of the witnesses on appeal. There was sufficient evidence for the trial court to find that the information in the affidavit was not the truth. If the court credited the affiant's trial testimony and testimony at the hearing, then it would find that the petitioner had failed to prove by a preponderance of the evidence that there was newly discovered evidence.

We affirm the ruling of the trial judge which denied appellant's petition for post-conviction relief.

Givan, C.J., Hunter and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 328 N.E.2d 214.