STEVEN RAY CLARK *v.* STATE OF INDIANA.

[No. 577S361. Filed July 27, 1978.]

*John D. Clouse*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant Clark was convicted in 1974 of having inflicted an injury upon a cab driver, one Tornatta, while engaged in robbing him; he was sentenced to life imprisonment. The conviction was affirmed. *Clark* v. *State*, (1976) 264 Ind. 524, 348 N.E.2d 27. In the court below appellant then challenged his conviction by post-conviction petition pursuant to Ind. R.P.C. 1, raising three grounds: (1) one Copeland who had been charged in the same affidavit as appellant was acquitted at a separate trial conducted seven months after appellant's trial; (2) appellant since his trial and conviction acquired several new items of evidence bearing upon his case; and that (3) appellant was subjected to an unnecessarily suggestive identification procedure prior to trial. The trial judge took evidence on the petition and denied it in all particulars, concluding that (1) the verdicts in the separate trial of appellant and Copeland were not inconsistent so as to warrant a new trial, (2) the items of new evidence did not warrant vacation of the conviction, and (3) appellant had not been viewed by the victim of the crime.

## I.

Appellant contends that he is entitled to relief from his conviction because of the acquittal of a co-defendant Copeland

following a trial by jury on the same charge. He contends that his case is controlled by this Court's decision in *Combs* v. *State*, (1973) 260 Ind. 294, 301, 295 N.E.2d 366, 370. There we held:

> "The rule which we can perhaps glean from these holdings is that where there has [sic] been two separate judicial determinations on the merits of the respective cases and they are contradictory, the law will impose a consistency to their findings."

The *Combs* rule was applied in *Schmidt* v. *State*, (1973) 261 Ind. 81, 300 N.E.2d 86. See also *Davis* v. *State*, (1977) 267 Ind. 152, 368 N.E.2d 1149. In *Schmidt, supra,* the appellant successfully claimed that she had been found guilty as an accessory only. She then established that the principal in the crime had been tried separately and convicted of a lesser offense for his participation in the same crime. Those two convictions were deemed "contradictory" and the accessory was granted a reduction of her conviction and sentence to that of the principal.

Appellant, in order to invoke application of the *Combs* rule must establish that he was found guilty of inflicting an injury in the course of the robbery as an accessory only. In order to sustain this burden, appellant relies upon the facts set forth in our opinion in *Clark* v. *State, supra.* Appellant argues that such evidence establishes only that he was an accessory to the robbery element of the crime charged. It is true that appellant was less active during this phase of the crime; however, we cannot conclude therefrom that appellant was an accessory. An accessory is one who aids and abets in the commission of a felony. Ind. Code § 35-1-29-1 (Burns 1975) repealed October 1, 1977. A principal offender is one who participates and acts in concert in the crime. In making an assessment of appellant's role in this crime, we must consider all of the evidence which tended legitimately to show that he aided, abetted and participated in the felony charged. When so considered the evidence

clearly establishes that appellant was a principal. Appellant entered the cab with his companion, and directed the driver where to take them. He told his companion where the driver kept his money. After the money was retrieved, appellant repeatedly struck the driver on the head with a blackjack, causing the injury which formed the basis for the charge. When so considered, we can only conclude that appellant was convicted as a principal in the crime of inflicting an injury in the course of a robbery. The acquittal of Copeland and the conviction of appellant are not therefore contradictory, and appellant is not entitled to the imposition of the same legal result received by Copeland.

Appellant next relies upon a related rule that acquittal of one of two persons charged with a joint crime works an acquittal of the other. *Baumer* v. *State,* (1875) 49 Ind. 544. A joint crime is one which by its statutory nature can only be committed by two people. *State* v. *Bain,* (1887) 112 Ind. 335, 14 N.E. 232. The joint crimes rule has been applied to adultery, fornication and incest. Appellant acknowledges that by definition armed robbery and inflicting an injury in a robbery are not joint crimes but contends that we should extend the requirement of consistent verdicts to all crimes of joint participation. This we cannot do, as for example in this case where two persons are charged with having committed a crime there is no logical contradiction between the conviction of one and the acquittal of the other. Such a result may rest upon the inability of the State to prove the identity of one accused.

## II.

Appellant next contends that the trial court erred in failing to grant him a new trial on the basis of newly discovered evidence. His claim in this regard was subject to the rule set forth in *Torrence* v. *State,* (1975) 263 Ind. 202, 206, 328 N.E.2d 214, 216-17:

"The legal test to be applied by the court when confronted

with this claim is the same as that to be applied when the newly discovered evidence issue is raised in a motion to correct errors. The petitioner must establish '(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative, (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.' *Emerson* v. *State*, (1972) 259 Ind. 399, 287 N.E.2d 867, 871-2. In making the finding required by (9) above, most relevant here, the trial court should consider the weight which a reasonable trier of fact would give the proffered evidence and the probable impact of it in light of all the facts and circumstances shown at the original trial of the case. *Emerson* v. *State, supra; Wilhoite* v. *State*, (1971) 255 Ind. 599, 266 N.E.2d 23."

At appellant's trial and at Copeland's later trial, the victim Tornatta provided the evidence identifying appellant and Copeland as his assailants. After Copeland's acquittal Tornatta and Copeland met accidentally at a supermarket and there Copeland accused Tornatta of lying about Copeland's participating in the robbery. Tornatta replied, "I'm sorry, I didn't mean it." Copeland is described as being 6'4" and weighing 200 pounds and was obviously hostile on this occasion. We observe first, as did the trial court, that Tornatta did not recant his identification of appellant Clark in this response and therefore the response does not directly contradict Tornatta's trial testimony. Moreover, any tendency of this statement to cast doubt on the reliability of Tornatta's testimony if produced at a new trial of appellant would be exceedingly slight in light of Tornatta's obvious need to speak in a conciliatory manner to Copeland. This item of evidence, when considered separately or in conjunction with the material and admissible items discussed below, fails to satisfy the ninth requirement of the rule.

Appellant next points out that Tornatta, the victim, testified at appellant's trial that the robbery lasted for thirty

minutes, while at Copeland's trial he reduced that estimate to three to five minutes. This inconsistency would be admissible to impeach him. However, the trier of fact heard the testimony of Tornatta from which it would reasonably infer that he was placed in fear for his life. It was late at night. The experience was an uncommon one. A person undergoing a terrifying experience of this sort would feel no natural need at the time to assess accurately the number of minutes which were transpiring. That subject would have been assigned a very low priority rating by the mind under the circumstances. Therefore, a reasonable trier of fact would give no great force to a discrepancy in an estimate of time of this sort in assessing the credibility of the victim of a robbery. This item of evidence when considered separately or in conjunction with the material and admissible items discussed in this opinion, fails to satisfy the ninth requirement of the rule.

Appellant also produced evidence at his post-conviction hearing that the prosecution subjected the victim Tornatta to a polygraph examination between the trial of appellant and the trial of Copeland, and that the results of the test were inconclusive. Evidence of this test or its results would not be admissible at a new trial and therefore fails to meet requirements two and eight of the rule.

Appellant produced evidence at the post-conviction hearing that between the time of appellant's trial and the trial of Copeland, the witness Tornatta allegedly rented a car without paying for it. A theft charge was filed against him which was eventually dismissed. This evidence is not shown to be relevant or material and therefore fails to satisfy requirement two of the rule.

Appellant, by new counsel employed after his conviction, discovered a new witness, a co-worker of Tornatta, who knew that Tornatta was a "boozer" and was unreliable when drinking. Assuming that this witness, if called at a new trial of appellant would testify that Tornatta had a poor reputation

at work for truth and veracity, such testimony would be admissible. However, it would be merely impeaching, and there has been no showing that due diligence was used to discover it in time for trial. Such evidence could have been discovered through the simple expedient of making inquiry among Tornatta's fellow workers. This item fails to satisfy the fourth, sixth and ninth requirements of the rule.

## III.

Appellant next contends that the trial court erred in finding that he had not been subjected to an unnecessary suggestive identification procedure by the police. At the post-conviction hearing the victim Tornatta and a deputy prosecutor testified that Copeland had been viewed by Tornatta but that appellant had not been present. Appellant and Copeland testified that they had both been viewed by Tornatta on the same occasion. The trial court was faced with a conflict in the evidence on the point and therefore we cannot reverse its negative finding that appellant failed to sustain his burden of establishing a necessary element of this claim. *State* v. *Smithers*, (1971) 256 Ind. 512, 269 N.E.2d 874.

Appellant argues that even if the trial court is correctly to be affirmed on this basis, he is still entitled to suppression of Tornatta's testimony identifying him as one of the two assailants, because Copeland was subjected to an unnecessarily suggestive identification procedure. Copeland and Tornatta were brought together in the stationhouse, because Tornatta had confused appellant and Copeland with regard to complexion, erroneously calling Copeland darker than appellant. While this confrontation may have removed this confusion as between the two men in the mind of Tornatta, it would not under these circumstances have implanted the suggestion that appellant was one of the assailants. It was not so unnecessarily suggestive and conducive to an irreparably mistaken identification of

appellant as to deny due process. *Stovall* v. *Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 378 N.E.2d 850.