Kenneth Lee STEVENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 978S183.

Supreme Court of Indiana.

April 9, 1979.

Harriette Bailey Conn, Public Defender, Jewell K. Smith, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of second degree murder and was sentenced to a term of 15 to 25 years. This Court affirmed that conviction. *Stevens v. State* (1978) Ind., 372 N.E.2d 165. At the original trial one Carl Frazee testified that he overheard a conversation in which appellant had told his wife that he would get a penalty of life imprisonment unless she said in court what he told her to say. Frazee further testified that appellant approached him and another inmate, Merle Armstrong, and asked them to testify falsely regarding a third inmate, Ray Siggers, who allegedly was prepared to testify against appellant. Frazee and Armstrong were asked to testify that Siggers had asked them to testify falsely against appellant.

Following the conviction, both appellant and Frazee were transported to the Indiana State Reformatory at Pendleton to serve their commitments. Shortly thereafter the Vanderburgh Circuit Court, the court of appellant's conviction, received a communication from Carl Frazee entitled "Affidavit on Perjury." In this communication Frazee stated that his trial testimony had been false and that he had been motivated by a deal his attorney had negotiated with the prosecutor. Appellant's attorney filed a request for permission to file a motion to correct error on the ground of newly discovered evidence. Permission was granted and a belated motion was filed along with a motion to vacate the conviction. We note this case comes within PC 1, § 1(a)(4), rather than the belated motion to correct error under PC 2, since there was a "timely and adequate" motion to correct error filed following appellant's original trial. *Adams v. State* (1979) 386 N.E.2d 657. However, since the trial court treated this petition as falling under PC 1, we will do likewise.

The trial court conducted a hearing on these motions on November 14, 1977. At this proceeding Frazee reiterated the substance of the perjury affidavit. The trial court scheduled the announcement of its decision on November 16, 1977.

The next day however Frazee's wife contacted the prosecuting attorney and told him that Frazee wanted to talk to the prosecutor. As a result of that conversation Frazee was again called to the witness stand. This time he testified that appellant had threatened and coerced him into signing the perjury affidavit; that appellant had even helped draft the statement and that all Frazee was now wanting was to clear his conscience and to be committed to a penal institution apart from appellant. The trial court weighed this evidence and held that appellant had threatened and pressured Frazee into signing the affidavit; that the affidavit was false and the result of coercion applied by appellant; and that consequently appellant had failed to carry his burden of proof in this post-conviction proceeding to introduce reliable evidence to support his contention that perjured testimony was given at trial.

■ Appellant contends the trial court erred in refusing to grant a new trial based upon the alleged perjured testimony of Frazee. In a post-conviction proceeding the trial judge has the responsibility of weighing the evidence and determining the credibility of witnesses. His determination will be reversed by a court on appeal only where the evidence is without conflict and leads unequivocally to the opposite result. *Carroll v. State* (1976) 265 Ind. 423, 355 N.E.2d 408. In the case at bar the trial court was faced with conflicting evidence. The trial judge weighed this evidence and determined that the statements in the "Affidavit on Perjury" were false. There is sufficient evidence in the record to support that determination. We therefore will not disturb the finding of the trial court. *Torrence v. State* (1975) 263 Ind. 202, 328 N.E.2d 214.

■ Appellant also claims he was deprived of his right to competent counsel at his original trial and appeal. This issue was raised for the first time in the motion to correct error following the denial of post-conviction relief. It was not raised in the post-conviction petitions, nor was it litigated in the hearing conducted by the trial court. Absent fundamental error appearing on the face of the record, this Court will

not consider questions not adjudicated at trial or raised for the first time in the motion to correct error. *Greentree v. State* (1976) 265 Ind. 47, 351 N.E.2d 25; *Brown v. State* (1975) 264 Ind. 40, 338 N.E.2d 498. Unlike the usual fundamental error cases where an illegal sentence is involved, this case presents no clear denial of fundamental due process of law on the face of the record. Accordingly, we must deem the issue waived for purposes of this appeal. *Brown v. State, supra.*

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.