Dirk WEBSTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S350.

Supreme Court of Indiana.

Dec. 14, 1982.

Terry C. Gray, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Dirk Webster, was originally charged with and convicted of two counts of murder, Ind.Code § 35–42–1–1(1) (Burns 1979 Repl.), and was sentenced to serve two consecutive forty-five year terms of imprisonment. Following an appeal to this Court, defendant's conviction was reversed, and a new trial was ordered. *Webster v. State,* (1980) Ind., 413 N.E.2d 898 (Prentice, J., dissenting). Defendant was again convicted upon retrial, and the same sentence was imposed. In this appeal, defendant contends that the retrial was barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution and of Article 1, § 14 of the Indiana Constitution. He also urges that there was not sufficient credible evidence to support the verdict rendered here.

The question of whether defendant's retrial was prohibited by the double jeopardy clause has already been considered, discussed and decided adversely to defendant's claim in this case on its initial appeal. We said there that while in the usual case a reversal for evidentiary insufficiency precludes a retrial because of double jeopardy considerations, *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the *Burks* rationale does not apply in this case. *Webster, supra,* 413 N.E.2d at 902. Although the State may not appeal from an acquittal of a defendant by the trier of fact, no matter how erroneous the foundation for that acquittal, *Fong Foo v. United States,* (1962) 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, here, a judgment of conviction was rendered by the jury in defendant's first trial. The question of whether the State had "one fair opportunity to offer whatever

proof it could assemble", *Burks, supra,* 437 U.S. at 16, 98 S.Ct. at 2150, 57 L.Ed.2d at 12, may be considered when a judgment of conviction has been returned and defendant appeals, alleging evidentiary insufficiency, and attempts to avoid retrial.

Prior to defendant's retrial, he filed a motion to dismiss based on the double jeopardy claim. At a hearing on that motion, the trial judge denied such relief, determining that he should conduct the retrial we had ordered. The denial of the motion was not error.

Defendant also claims that the State did not present credible witnesses whose testimony could be believed beyond a reasonable doubt, and therefore there was insufficient evidence to support the jury's verdict. He argues that Aurelius James Allen, an accomplice who testified and described defendant's participation in the murders, impeached his own credibility and was not a believable witness. The determination of a witness's credibility, however, is for the jury. *Taylor v. State,* (1981) Ind., 425 N.E.2d 141.

In reviewing a claim of insufficient evidence, this Court does not weigh the evidence or resolve questions of credibility, but only looks to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a reasonable trier of fact could conclude that a defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657. Allen testified directly about the defendant's participation in the murders of Betty DeBowles and Robin Thomas and detailed the events surrounding these crimes. The jurors could have concluded beyond a reasonable doubt from this and other evidence that the defendant was guilty.

The conviction is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents.