**Joel WASHINGTON, Petitioner,**

v.

**Jack R. DUCKWORTH and the Indiana Attorney General, Respondents.**

**No. S 83–135.**

United States District Court, N.D. Indiana, South Bend Division.

Aug. 2, 1983.

Joel Washington, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., for respondents.

**MEMORANDUM AND ORDER**

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus filed

---

pursuant to 28 U.S.C. § 2254. The petitioner is incarcerated at the Indiana State Prison at Michigan City, Indiana, where he is serving a determinate sentence of five years after having been convicted in a state court bench trial on a charge of battery. The complete state court record has been filed with, and carefully examined by, this court in accord with the dictates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It appearing that the petitioner has exhausted his available state court remedies, this matter is now ripe for ruling. See 28 U.S.C. § 2254(b), (c). See also, *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

The underlying facts in this case are not in dispute. As noted above, defendant was tried and convicted in a state court bench trial of battery, a Class C felony under Indiana law. Ind.Code § 35–42–2–1(3) (Burns 1979 Repl.). In a bifurcated proceeding, the defendant was also found guilty of being an habitual offender, Ind. Code § 35–50–2–8 (Burns 1979 Repl.), and received an additional thirty years' sentence. On direct appeal petitioner's conviction on the battery charge was affirmed. *Washington v. State,* Ind., 441 N.E.2d 1355 (1982). However, the Indiana Supreme Court vacated petitioner's conviction on the habitual offender count and remanded for further proceedings, with one justice dissenting. Id., at 1360. The issue now before this court is whether the conviction on the habitual offender charge was set aside for insufficient evidence, or because of trial court error.

The question presented is not a mere semantic distinction without a difference. As both petitioner and respondents agree, if the habitual offender conviction was vacated for insufficient evidence, double jeopardy would bar any further attempts by the State at retrial on that charge. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). If, on the other hand, petitioner's habitual offender conviction was set aside on the grounds of trial court error, there would be no double jeopardy bar to petitioner being retried thereof. *Id.*[1]

In the case of *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that the Double Jeopardy provision of the Constitution is applicable against the states via the Fourteenth Amendment. Later, in a companion case to *Burks, supra,* the Supreme Court declared that the holding in *Burks* was applicable to state prosecutions where there is an appellate reversal for insufficient evidence. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

■ The Double Jeopardy Clause of the Fifth Amendment consists of three separate guarantees which protect against: (1) a second prosecution for the same offense after having once been acquitted; (2) a second prosecution for the same offense after having been convicted thereon; and, (3) successive punishments for the same offense. *Wilson v. Meyer,* 665 F.2d 118, 120 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982), citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Petitioner herein clearly falls into the first category, *if* his successful appeal on the habitual offender conviction can be deemed an acquittal because of insufficient evidence.

■ The Supreme Court's decisions in such cases as *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1982), and *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037,

---

1. This court notes at the outset that both sides have presented the court with memoranda that are well researched and reasoned, and which have been most helpful in clarifying the discussion of the issue presented. Further, this court notes that petitioner is very ably represented by Joseph M. Kalady, an inmate lay advocate with whom this court has had extensive dealings in the past in similar prisoner litigation. It is this court's understanding that Mr. Kalady holds a Master's degree in philosophy from DePaul University, and worked for two Chicago Loop law firms prior to his incarceration. Petitioner has made no request to the court for appointed counsel.

49 L.Ed.2d 1067 (1976), leave little doubt that a state court's determinations which are spelled out in a written opinion and supported by the record are to be accorded great weight by a federal court sitting in habeas review. Accordingly, and for an understanding of how the Indiana Supreme Court determined the question of petitioner's habitual offender conviction, this court turns now to the decision itself.

At page 1360 of the opinion appears the following language:

> We consequently conclude that the habitual offender finding and the sentence imposed thereon must be vacated. *Morgan v. State* [(1982) Ind., 440 N.E.2d 1087], *supra; Wells v. State* [(1982) Ind., 437 N.E.2d 1333], *supra, Miller v. State* [(1981) Ind., 417 N.E.2d 339], *supra.* As in *Morgan v. State, supra,* which we note was decided subsequent to the instant proceedings, the cause is remanded for a new hearing on the habitual offender count by reason of the trial court's ruling on defendant's objection, which embodied the contention that the proper mode of proof was certified records, rather than oral testimony. *Morgan v. State, supra; see also, Turpin v. State,* (1982) Ind., 435 N.E.2d 1. We note that this Court has held that it is proper to re-try a defendant on an habitual offender count in front of a new fact finder following the reversal of a finding on that count. *Id.; see also, State v. McMillan,* (1980) Ind., 409 N.E.2d 612.

Were this the only language in the opinion relating to the question of whether petitioner's habitual offender conviction was vacated because of insufficient evidence or trial court error, this court would be inclined to agree with petitioner that the language is at least ambiguous, and could easily be read to mean that the conviction was vacated due to insufficient evidence. However, Justice Prentice's dissent on that issue clarifies the question:

> Just as in *Morgan* [*v. State,* Ind., 440 N.E.2d 1087 at 1091], I think it cannot be said that the State was not given "one fair opportunity to offer whatever proof

it could assemble" of Defendant's habitual criminal status, and upon authority of *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, I would remand the case to vacate the verdict upon the habitual offender count and to resentence the defendant.

441 N.E.2d at 1360.

Thus, a careful review of the Indiana Supreme Court's decision in its entirety, including the dissent, makes clear that the Court was careful to vacate the habitual offender conviction and remand for a new hearing thereon, on the grounds of trial court error, *not* because of insufficient evidence. This is nothing more than the Indiana Supreme Court's acknowledgment of the principle that "reversal on the grounds of insufficient evidence is proper only when the prosecution's failure to sustain its burden is clear." *United States v. Jones,* 696 F.2d 479, 490 (7th Cir.1982), citing *Burks, supra,* 437 U.S. at 16–17, 98 S.Ct. at 2149–2150.

Accordingly, the writ is DENIED, petition DISMISSED. SO ORDERED.