Dirk WEBSTER, Petitioner,

v.

Jack R. DUCKWORTH, Warden, and Indiana Attorney General, Respondents.

No. S83–306.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 1, 1983.

Richard Lee Owen II, Lay Advocate, Michigan City, Ind., for petitioner.

Dirk Webster, pro se.

Robert B. Wente, Deputy Ind. Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. In accord with the dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court. As per the requirements of 28 U.S.C. § 2254(b) and *Anderson v. Harless*, —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the petitioner exhausted his available state court remedies prior to the filing of this application for federal habeas relief. Both sides having briefed their respective positions,[1] this action is now ripe for ruling.

The petitioner was convicted in a state court jury trial of two counts of murder, Ind.Code § 35–42–1–1, and sentenced to consecutive terms of forty-five years' imprisonment on each count. On direct appeal to the Supreme Court of Indiana, the convictions were reversed and remanded for a second trial. *Webster v. State*, Ind., 413 N.E.2d 898 (1980) (hereafter, Webster I). Upon retrial, petitioner was again convicted on both murder counts, receiving an identical sentence of forty-five years' imprisonment on each count. On direct appeal to the Supreme Court of Indiana, the convictions were affirmed. *Webster v. State*, Ind., 442 N.E.2d 1034 (1982) (hereafter, Webster II).

Petitioner raises but a single issue for review: Whether he has been placed in

---

1. Although petitioner is not represented by legal counsel, and has made no request of this court for appointed counsel under 28 U.S.C. § 1915(d), it should be noted that the petitioner has been assisted since the inception of this matter by Richard Lee Owen II, an inmate at Indiana State Prison who has had considerable experience in prosecuting prisoner petitions in federal court.

jeopardy twice by virtue of his having been tried two times on the murder charges, thereby violating his Fifth and Fourteenth Amendment rights.

Simply put, petitioner argues that the Supreme Court of Indiana reversed his conviction for the reason that the prosecution at trial had failed to present sufficient evidence to carry its burden and that retrial is necessarily precluded.

 The Fifth Amendment's Double Jeopardy guarantee protects against three things: (1) a second prosecution for the same offense after having once been acquitted thereon; (2) a second prosecution for the same offense after a conviction thereon; and, (3) successive punishments for the same offense. *Wilson v. Meyer,* 665 F.2d 118, 120 (7th Cir.1981), *cert. denied,* 445 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982), citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Washington v. Duckworth,* 567 F.Supp. 513, 514 (N.D.Ind.1983). This above guarantee is applicable against the States via the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

 A particular nuance of this rule is as follows: where an underlying conviction has been vacated and reversed for insufficient evidence, the Double Jeopardy Clause of the Fifth Amendment bars further prosecution thereon. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Where, however, the vacation or reversal of a conviction was not because of insufficient evidence, but rather because of trial court error, double jeopardy does not apply and cannot, therefore, act as a bar to a retrial on the same charges. *Id.*

As this court noted in *Washington v. Duckworth, supra,*

The Supreme Court's decisions in such cases as *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1982) [sic], and *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), leave little doubt that a state court's determinations which are spelled out by the record are to be accorded great weight by a federal court sitting in habeas review. Accordingly, and for an understanding of how the Indiana Supreme Court determined the question of petitioner's ... conviction, this court turns now to the decision[s themselves].

567 F.Supp., at 514–15.

The pertinent part of the Indiana Supreme Court's decision in *Webster I,* supra, at 901 and 902, distinguishes between a reversal based upon insufficiency of the evidence and reversal based upon trial court error, thus presenting the prosecution with one fair opportunity to present its evidence. Because the Court's language therein is essential to a clear understanding of this petition, this court deems it necessary to quote at length therefrom:

This case is distinguishable from *Burks,* however. In that case, the defendant's conviction for robbery following a trial in which he had raised the defense of insanity was reversed by the Sixth Circuit Court of Appeals because the government had not met its burden of proving sanity beyond a reasonable doubt. The Court of Appeals remanded the case to the district court where the defendant was to have "a directed verdict of acquittal unless the government presents sufficient evidence to carry its burden on the issue of defendant's sanity." *Id.* 98 S.Ct. at 2144. The United States Supreme Court reversed this aspect of the case, holding that a second trial is precluded once a reviewing court has found the evidence legally insufficient and that the only remedy available to a reviewing court is a direction of a judgment of acquittal. The underlying rationale for this approach is that the prosecution "has been given one fair opportunity to offer whatever proof it could assemble. Moreover, such an appellate reversal means that the government's case was so lacking that it should not have been submitted to the jury." (Original emphasis.) *Id.* 98 S.Ct. at 2150, 2151.

In the present case we cannot say that the State's case was lacking in this sense. This case, as presented at trial, would have been sufficient, if believed by the jury, except for the limitation on the use of Allen's prior testimony. That limitation arose when the trial judge determined that he would give the final instruction restricting the jury's use of that testimony. Up to that point in time the prosecution would have been warranted to a reasonable degree of legal certainty in believing that this evidence would come in as part of the substantive case against appellant Webster under the ruling in *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482, and *Stone v. State,* (1978) Ind., 377 N.E.2d 1372. Cf. *Torrence v. State,* (1975) 263 Ind. 202, 328 N.E.2d 214. It was the trial judge's decision to give the restrictive final instruction which in fact and in point of time rendered the prosecution's case insufficient to convict. (Emphasis added.)

The Indiana Supreme Court above held that the trial court improperly instructed the jury that evidence introduced by the prosecution for purposes of impeachment could not be considered as substantive evidence in proof of the elements of the crime. (*Webster I,* R. 59).

Again, at pages 1034 and 1035 of *Webster II,* the Indiana Supreme Court, in affirming the Petitioner's convictions on retrial, stated:

The question of whether defendant's retrial was prohibited by the double jeopardy clause has already been considered, discussed and decided adversely to defendant's claim in this case on its initial appeal. We said there that while in the usual case a reversal for evidentiary insufficiency precludes a retrial because of double jeopardy considerations, *Burks v. United States,* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the *Burks* rationale does not apply in this case. *Webster, supra,* 413 N.E.2d at 902. Although the State may not appeal from an acquittal of a defendant by the trier of fact, no matter how erroneous the foundation for

that acquittal, *Fong Foo v. United States,* (1962) 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, here, a judgment of conviction was rendered by the jury in defendant's first trial. The question of whether the State had "one fair opportunity to offer whatever proof it could assemble", *Burks, supra,* 437 U.S. at 16, 98 S.Ct. at 2150, 57 L.Ed.2d at 12, may be considered when a judgment of conviction has been returned and defendant appeals, alleging evidentiary insufficiency, and attempts to avoid retrial.

The Supreme Court of Indiana has premised its opinion upon the fact that the prosecutor at the first trial, *as a result of trial court error,* was not afforded "one fair opportunity to present its evidence." Thus, the United States Court of Appeals for the Seventh Circuit noted recently, "reversal on the grounds of insufficient evidence is proper only when the prosecution's failure to sustain its burden is clear." *United States v. Jones,* 696 F.2d 479, 490 (7th Cir.1982), citing *Burks, supra,* 437 U.S. at 16–17, 98 S.Ct. at 2150.

■ This court would be less than candid if it were to say that this is not a close call. Nevertheless, a careful examination of the court record and file, as well as the two opinions in *Webster I* and *II,* makes clear that insufficiency of the evidence was not the reason for reversing and remanding the original convictions. According, there appearing no basis for the issuance of the writ, the petition is DENIED, writ DISMISSED. SO ORDERED.