Orisker SWAN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 582 S 197.

Supreme Court of Indiana.

April 23, 1984.

Susan K. Carpenter, Public Defender, David R. Swinford, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Petitioner (Appellant) was convicted of first degree murder and robbery and on November 15, 1976 was sentenced to concurrent terms of life imprisonment and fifteen (15) years imprisonment. On direct appeal, this Court affirmed the convictions. *Swan v. State*, (1978) 268 Ind. 317, 375 N.E.2d 198. This appeal is from the denial of post conviction relief.

Our standard of review for appeals from the denial of post conviction relief is as follows:

"Petitioner ha[s] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." (citations omitted).

*Neville v. State*, (1982) Ind., 439 N.E.2d 1358, 1360. Consequently, the issue before this Court is whether the Petitioner did, in the post conviction proceedings, sustain his burden of proof upon his claim that he had been denied the effective assistance of counsel at trial.

Petitioner's claim of such denial is predicated upon three specific instances: (1) his trial counsel's failure to object to the introduction of a State witness' written plea bargain agreement which referred to a polygraph examination which he had taken; (2) his trial counsel's failure to ask for a continuance in order to depose one of the State's witnesses; (3) his trial counsel's tactic, during voir dire examination of the jury, of calling the Petitioner "nigger" and telling him to stand up.

When incompetency of counsel is alleged, there is a presumption that counsel is competent. Strong and convincing proof is necessary to overcome this presumption, which may be done only by showing that the attorney's action or inaction reduced the proceedings to a "mockery of justice," shocking the conscience of the court. *Brown v. State*, (1983) Ind., 443 N.E.2d 316, 319; *Lenoir v. State*, (1977) 267 Ind. 212, 214, 368 N.E.2d 1356, 1357. The question of whether counsel was incompetent depends upon the particular facts of each case, and we will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated incidents of poor strategy, carelessness, bad tactics or mistakes do not necessarily constitute ineffective counsel. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398, 401. Hence, this Court, in applying the "mockery of justice" standard, looks to the totality of the circumstances "to determine if and how a defense attorney's 'inadequacies' have harmed the defendant at trial." *Smith v. State*, (1979) 272 Ind. 216, 218, 396 N.E.2d 898, 900.

A key State witness, Petitioner's accomplice, Jesse Taylor, testified to Petitioner's role in the robbery and murder. Taylor's plea bargain agreement with the State was admitted into evidence without objection and contained a reference to a polygraph examination which he had taken. On direct appeal, Petitioner's claim that he had been denied due process by the prosecutor's reference, during closing argument, to the polygraph examination was deemed waived by defense counsel's failure to object when

the plea agreement was admitted into evidence. *Swan v. State*, (1978) 268 Ind. 317, 323, 375 N.E.2d 198, 201. Petitioner now argues that his attorney should have either objected to the introduction of the plea agreement or attempted to excise the reference to the polygraph examination from the document.

At the post conviction hearing, counsel testified that he had insisted that any plea agreements between witnesses and the State be put into evidence and that he had thought that it was "more important to show that his [Taylor's] testimony was purchased and try to ignore the fact that he'd been given a polygraph."

 Petitioner is correct in noting that even the mention that a witness has taken a polygraph examination, absent some form of waiver, will not be permitted. *Reese v. State*, (1983) Ind., 452 N.E.2d 936, 938 (*rehearing denied*); *Serrano v. State*, (1977) 266 Ind. 126, 128, 360 N.E.2d 1257, 1259. Counsel, however, considered the introduction of the plea bargain agreement to be important to his client's defense. He acknowledged at the post conviction hearing that he had not considered requesting that the portion of the agreement with the polygraph reference be deleted from the document. Assuming that Petitioner is correct that the offending language could have been excised so that he could have had the benefit of the evidence without its detriment, error in not requesting such a revision of the agreement does not conclusively establish that counsel was incompetent. Petitioner is entitled to a fair trial—not one which is perfect. *White v. State*, (1971) 257 Ind. 64, 77, 272 N.E.2d 312, 319.

Further, even though Taylor was the State's key witness, there was testimony from another witness, Larry Bowie, that the Petitioner had admitted killing the victim. Consequently, the State's case did not rest exclusively upon the testimony and credibility of Witness Taylor.

 During the trial, Petitioner's trial counsel interviewed State's Witness Bowie who advised him that he intended to say little or nothing at the trial. Subsequently, Bowie decided to testify, and the State informed defense counsel of the substance of Bowie's testimony. Defense counsel then discussed the possibility of seeking a continuance to depose Bowie, but decided there would be no advantage in doing so, and when Bowie appeared as a witness, counsel did not request a continuance for such purpose. Petitioner argues that such inaction constituted ineffective assistance of counsel. We do not agree. Petitioner has the burden to show what Bowie would have said had counsel deposed him. *See Hollon v. State*, (1980) 272 Ind. 439, 445, 398 N.E.2d 1273, 1278. There is no suggestion that Bowie did not testify truthfully.

 Finally, during voir dire examination of the prospective jurors, Petitioner's trial counsel asked if any of them had any "bias or prejudice." He immediately followed that question with "Stand up nigger... That's the defendant. He's black. He even looks guilty, doesn't he? Sit down, sir. Did that shock you ...?" Counsel went on to question the jurors about their prejudice and indicated that he had prearranged the strategy to shock the jury and to discover the existence, if any, of racial prejudice among them.

At the post conviction hearing the Petitioner testified that he had been shocked by counsel's actions and that the tactic had not been specifically discussed with him or approved by him. Counsel, however, testified that he had arranged the strategy with Petitioner before voir dire examination began. Thus, the evidence was in conflict, and one criterion of our standard of review has not been met.

Although Petitioner has directed us to isolated instances which raise some question as to his trial counsel's competence, he has not established that the evidence compelled a finding that he had been denied the effective assistance of counsel.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DEBRULER and PIVARNIK, JJ., concur.