**Donald LAHRMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 44A03-8607-PC-200.**

Court of Appeals of Indiana, Third District.

Dec. 18, 1986.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Donald Lahrman appeals the denial of his petition for post-conviction relief. Lahrman was convicted by a jury of arson in connection with an explosion and fire that destroyed his place of business, and received a six year suspended sentence.

Lahrman filed a petition for post-conviction relief on the ground of newly discovered evidence. This petition was denied and Lahrman appeals, raising several issues which we consolidate and restate as follows:

I. Did the PCR court err in finding that Lahrman was not entitled to a new trial on the basis of newly discovered evidence?

II. Did the PCR court err in excluding the evidence of a polygraph examination taken by Lahrman?

III. Did the PCR court improperly ignore evidence?

IV. Were the PCR court's findings of fact and conclusions of law sufficiently specific to satisfy Ind. Rules of Procedure, Post-Conviction Rule 1, section 6?

We affirm.

### I.

*Newly Discovered Evidence*

Three witnesses testified at Lahrman's post-conviction hearing. Billy Brown, who is married to Lahrman's sister-in-law, sponsored photographs of the building as it appeared some years before the fire and of its foundation as it appeared from five months to 3½ years after the fire. Brown also testified about the nature of Lahrman's business, which involved mobile home accessories and repairs, and propane gas delivery, and propane gas bottle filling on the premises. Brown listed many combustible items which were customarily kept at the business, including paint, roofing compounds, plastic accessories, cleaning solvents, and propane gas. Finally, Brown sponsored a flyer issued by the Honeywell Company to warn of faulty furnace and gas water heater controls. Although the control which was in use at Lahrman's business had disappeared from the trial court's evidence locker, Brown testified that it "could have been" one of the faulty controls.

Derald Dafforn, a retired Fort Wayne District Fire Chief, testified that hosing down a fire scene with high-pressure hoses, as was done at Lahrman's business, would have made it difficult to determine how and where the fire started. Dafforn also examined floor tiles from Lahrman's business and testified that he could not tell from the burn patterns on the tiles whether an accelerant had been used to start the fire.

Lahrman's main witness was Keith L. Naeve, who testified that he was self-employed as a fire and arson investigator for insurance companies, law enforcement agencies, and arson defendants. Naeve, a mechanical engineer formerly employed by the Wisconsin Natural Gas Company, estimated that he had attended six seminars and read six books on arson investigation, and he was a member of the Wisconsin and national chapters of the International Association of Arson Investigators.

Naeve testified that his investigation of the fire at Lahrman's business consisted of reading the trial transcript and examining photographs and floor tiles in evidence at the PCR hearing. Naeve did not examine the photographs that were in evidence at the jury trial.

At trial, the State's chief expert witness, Barker Davie, had testified that in his opinion, two quarts of gasoline had been spread on the floor of Lahrman's showroom, causing the explosion and fire. Naeve disagreed with this at the PCR hearing, offering his opinion that the most obvious sources of the explosion were the pipes, furnace, and liquid propane gas tanks.

Naeve also disagreed with Davie's testimony about the flammability limits of a propane and air mixture, as well as his testimony about the lack of displacement of the furnace wall as a sign that the furnace had not been the source of the explosion. Naeve further testified that he disagreed with conclusions that Davie drew from char patterns on the floor tiles Naeve examined, and questioned the lack of evidence of hydrocarbon traces on the charred undersides of shelves and a desk in Lahrman's showroom. Finally, Naeve offered his opinion that Davie's investigation of the fire was worthless because the scene had been hosed down with high-pressure hoses and otherwise not preserved, and because Davie did not examine the scene until twelve days after the fire.

 The State did not offer any evidence at the PCR hearing, and because of this Lahrman argues that the court erred in denying his petition for post-conviction relief. This argument fails. PCR 1, Section 5 places on the petitioner the burden of establishing his grounds for relief by a preponderance of the evidence, *Dean v. State* (1982), Ind., 433 N.E.2d 1172, 1180–81, *modified* on other grounds, 441 N.E.2d 457; and the PCR court can find that this burden has not been met whether the State presents evidence or not. *Dixon v. State* (1972), 154 Ind.App. 603, 290 N.E.2d 731, 742.

 In this appeal, Lahrman stands in the position of one appealing from a negative judgment. The PCR judge is the trier of fact and the sole judge of the weight of evidence and the credibility of witnesses. We will reverse only if the decision is contrary to law—if the evidence is without conflict and can only lead to the opposite conclusion. *Dillon v. State* (1986), Ind., 492 N.E.2d 661, 662; *Dean v. State, supra*.

 The legal test to be applied to Lahrman's petition is the same as that applied to a motion to correct errors seeking a new trial on the basis of newly discovered evidence. *Torrence v. State* (1975), 263 Ind. 202, 328 N.E.2d 214, 216–17. He must establish

(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.
*Clark v. State* (1978), 269 Ind. 90, 378 N.E.2d 850, 853, *cert. denied,* 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711. In making its finding as required by (9) above, the PCR court should consider the weight that a reasonable trier of fact would give the new evidence, and its probable impact in light of all the facts and circumstances shown at the original trial. *Clark, supra.*

The PCR judge determined that the evidence Lahrman produced at the hearing was cumulative or impeaching of evidence presented at trial, that it would have been available at the original trial if due diligence had been used to discover it, and that it would not produce a different result at trial.

Lahrman argues that his witnesses' testimony "completely destroyed the State's expert investigation and testimony," and thus would have produced a different result, but he does not show us how this is so. While Naeve's testimony at a new trial would at least afford a duel between expert witnesses, we cannot say that the evidence leads only to the conclusion that the result would be different.

Lahrman does not even challenge the PCR judge's findings as to the cumulative nature of the evidence or its availability at the original trial. At the PCR hearing, Lahrman bore the burden of making all nine showings set out above, and on appeal he must show that the evidence is uncontradicted and leads only to the conclusion that each showing was made.

 Lahrman offered no evidence as to why the three witnesses could not, with due diligence, have been produced at the

original trial. An arson defendant may not choose to proceed to trial without an expert witness and then, after conviction, simply procure experts and retry the case. Further, much of the evidence at the PCR hearing was in fact cumulative of evidence presented at trial, since the fact that the fire scene was not carefully preserved before the arson investigation was fully brought out at trial. The PCR court's ruling was not contrary to law.

## II.

### Polygraph Evidence

In his re-direct examination of Naeve, Lahrman asked, without objection, whether the results of a polygraph examination that Lahrman had taken had contributed to Naeve's decision to become involved in the case. The State then asked Naeve on re-cross whether he knew that Lahrman had turned down an offer to take a second polygraph exam. When Lahrman attempted to introduce as evidence his polygraph results, the PCR court sustained the State's objection. On appeal, Lahrman claims the State "opened the door" to this evidence by failing to object to his question about the exam and by questioning Naeve about the refusal to take a second one.

██ It is well settled in Indiana that a polygraph examination is not admissible as evidence without a stipulation or waiver by all parties. *Evans v. State* (1986), Ind., 489 N.E.2d 942, 947; *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 908. Absent some sort of waiver, not even the mention that a polygraph exam was taken will be permitted. *Swan v. State* (1984), Ind., 462 N.E.2d 68, 71. Lahrman argues that because the State did not object to mention of the fact that the exam was taken, it waived any objection to admission of the results into evidence. We do not agree.

Given the disfavor with which polygraph evidence is viewed by our courts, we cannot agree that waiver should be found as readily as Lahrman would argue. Further, a trial or PCR court has discretion in admitting or excluding polygraph evidence even when a valid stipulation or waiver is made. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068, 1073; *White v. State* (1978), 269 Ind. 479, 381 N.E.2d 481, 485. The PCR court did not abuse its discretion in excluding Lahrman's polygraph results and even had the results been admitted, they were not new since the trial and they would not have affected the finding that the other evidence was available before trial and that much of it was cumulative of evidence produced at trial.

## III.

### Ignoring Evidence

Lahrman argues that the PCR court improperly ignored evidence because Naeve lacked expertise and because his testimony was based in part on polygraph results and hearsay. The source of Lahrman's complaint is the following discussion included in the findings of fact and conclusions of law:

> With respect to the testimony of Keith L. Naeve, the Court would credit same to the extent and consistent with his experience which was limited in cases of this kind, as he appeared to be credible and testified truthfully. To the extent that he relied upon a polygraph report or other inadmissable [sic] hearsay, his testimony necessarily has to be and is now discounted.

(Record, at 52).

██ It seems clear that the PCR court used Naeve's experience not as a reason to ignore his testimony but as a factor in weighing it, which is the court's proper function as trier of fact. *Dillon v. State* (1986), Ind., 492 N.E.2d 661, 662.

██ It is not as clear whether, in discounting Naeve's testimony to the extent it was based on polygraph report or inadmissible hearsay, the PCR court merely weighed or actually ignored evidence. Because the polygraph report was inadmissible, the court would not have erred in ignoring it. Neither would it have been re-

versible error to ignore testimony based on hearsay. It is true, as Lahrman argues, that Indiana courts have allowed an expert witness to rely upon hearsay along with personal observation in formulating an opinion. *See Clouse v. Fielder* (1982), Ind. App., 431 N.E.2d 148. Lahrman does not, however, show us how he was harmed by the PCR court's exclusion of or failure to consider any portion of Naeve's testimony. Nothing in Naeve's testimony would have affected the finding that Lahrman's PCR evidence would have been available to him before trial had he used due diligence to obtain it.

## IV.

### *Sufficiency of Findings and Conclusions*

Finally, Lahrman challenges the sufficiency of the PCR court's findings of fact and conclusions of law. PCR 1, section 6 provides, in part:

> The court shall make specific findings of fact and conclusions of law on all issues presented, whether or not a hearing is held.

Our Supreme Court has said that such findings must communicate the basis upon which the petition is granted or denied sufficiently for review on appeal. *Bean v. State* (1984), Ind., 467 N.E.2d 671, 673. The PCR court indicated in its findings that much of the evidence was cumulative because the issue of preservation of the fire scene had been fully presented at trial. It also found that Lahrman's expert, Naeve, would have been available at trial but for the fact that his trial counsel competently elected to try the case on a different theory without an expert. Finally, the court indicated that, in light of Naeve's limited experience and his failure to inspect the liquid propane tanks that were in Lahrman's business at the time of the fire, and in light of the testimony of the state's expert witness at trial, the new evidence would not produce a different result at trial. These find-

ings are sufficiently specific for our review.

We affirm.

HOFFMAN and GARRARD, JJ., concur.